## CITY OF CORPUS CHRISTI v. JOHNSON.
### No. 8926.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 23, 1932.

Rehearing Denied Jan. 4, 1933.

See, also, 52 S.W.(2d) 281.

John S. McCampbell, Kleberg & Eckhardt, and T. S. Cyrus, all of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

FLY, C. J.

This suit originated in the justice's court where appellee sued appellant for $150, the value of a horse alleged to have received an injury resulting in death, through the negligence of appellant in having a defective fence about its pound in which it had confined the horse. A jury returned a verdict for the sum of $142.50 in favor of appellee, in the county court, to which the case had been appealed from a judgment for $150. The cause was

642

submitted on six special issues, the jury finding that the horse had been cut on the left hind leg under the knee while in the city pound, and died from the injury received in the pound, that the pound was not a safe place in which to confine the horse, and that the failure to provide a safe place was negligence, and that such negligence was the proximate cause of the injury.

Harry Lawrence, who, in spite of his real English name, is described as a Mexican boy and a son of Mrs. Lawrence, the "pound mistress," testified that he impounded the injured horse with others, and that he was lame in a hind leg when he placed him in the pound. The only testimony to contradict the testimony of Lawrence Elders, Mrs. Lawrence, and Harry, to the effect that the horse was lame when put in the pound; was testimony by Johnson to the effect that Harry told him, when he went after his horses: "Maybe so they break out, maybe so I put them back, maybe so they break out again, maybe so I put them back again." Appellee and another witness swore that the pen was not as strong as it should have been, and that it had been patched in probably more than one place. Mrs. Lawrence stated that some time before the injured horse was placed in the pound the fence had been broken and mended with new lumber. The horse was put in the pound at night and appellee went there next morning. If the horse broke out, it must have been in the night, and he would not have been in the pen next morning. "Maybe so, he did not break out." The evidence was utterly insufficient to show that the horse was hurt in the pen; the only evidence to show negligence of any kind being the "maybe sos" of the boy Harry Lawrence. There is an utter lack of testimony to establish negligence upon the part of appellant.

The case has evidently been fully explored and evidence exhausted, and the judgment will be reversed and judgment here rendered that appellee take nothing by this suit and pay all costs expended in the several courts in which it has appeared.

Reversed and rendered.